IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDON M. LONG,

                    Petitioner,

     v.

RICHARD COURSEY,

                    Respondent.

_____

Case No. 2:13-cv-02139-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, Magistrate Judge**.

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons explained below, the petition for writ of habeas corpus should be denied.

## FACTS AND PROCEDURAL HISTORY

On June 10, 2004, a grand jury indicted petitioner on charges of Rape in the First Degree (one count), Sodomy in the First Degree (two counts), and Sexual Abuse in the First Degree (two counts), for sexually abusing his stepdaughter. Resp. Ex. 102. The State of Oregon (the "State") offered a plea agreement that allowed petitioner to plead guilty to attempted crimes and serve a ten-year probationary sentence, on the condition that he obtain a favorable psychosexual evaluation. Resp. Exs. 103 & 105 at 1.

Page 1 - FINDINGS AND RECOMMENDATION

On January 31, 2005, petitioner appeared before the trial court to enter a guilty plea. Resp. Ex. 105. In accordance with the plea negotiation, the trial court "provisionally" amended all five counts in the indictment from completed crimes to attempted crimes. *Id.* at 2. Petitioner acknowledged that he understood the terms of the plea agreement, and that each count was a separate incident over an extended period of time. *Id.* at 3. Petitioner pled guilty to all five counts of the amended indictment and admitted that the victim was his stepdaughter, who lived with him at the time of the attempted crimes. *Id.* at 2.

At the July 18, 2005 sentencing hearing, the trial court expressed concern over the results of petitioner's psychosexual evaluation, and stated that it was not prepared to grant a probationary sentence. Resp. Ex. 143 at 7. Upon the trial court's offer, petitioner withdrew his guilty plea. *Id.* The trial court granted retained counsel's request to withdraw his representation of petitioner, and appointed another attorney to represent petitioner. Resp. Ex. 143 at 7.

Petitioner subsequently informed his newly court-appointed attorney that he again wanted to plead guilty. *Id.* at 2. However, this time, the State refused to agree to any sentencing concessions, and the second plea agreement specifically stated that each party is free to make their own sentencing recommendation. Resp. Ex. 104 ("both sides free to make recommendation"). On December 21, 2005, the trial court held a second plea hearing. Resp. Ex. 106. Once again, petitioner admitted to committing the crimes, and again pled guilty to each of the five attempt counts. *Id.* at 5-6. The trial court ordered petitioner to begin sex offender treatment, and scheduled a sentencing hearing for April 6, 2006. *Id.* at 6. While awaiting sentencing, police arrested petitioner for violating a court order prohibiting contact with children.[1] Resp. Ex. 152.

---

[1] The no-contact court order arose out of a Marion County dependency proceeding. Resp. Ex. 152 at 2. In the criminal case against petitioner, the conditions of his release on bail required

(continued...)

At the April 6, 2006 sentencing hearing, the State informed the trial court that petitioner had violated the trial court's order by not participating in sex offender treatment. Resp. Ex. 107 at 2. The trial court denied petitioner's motion to withdraw his guilty plea, and sentenced petitioner to consecutive terms of imprisonment totaling 207 months. *Id.* at 26. The trial court imposed a 14-month sentence on Count Four, a 40-month sentence on Count Three, and a 45-month sentence on Count Two. *Id.* With respect to Counts One and Five, the trial court relied individually and collectively on several factors to impose a departure sentence of 90 months and 18 months, respectively. *Id.* The trial court imposed all five sentences to run consecutively to one another. *Id.*

Petitioner filed a direct appeal assigning error to the trial court's refusal to allow petitioner to withdraw his plea, and for imposing upward departure sentences. Resp. Ex. 108. The Oregon Court of Appeals affirmed petitioner's conviction without opinion, and the Oregon Supreme Court denied review. *State v. Long*, 194 P.3d 193 (Or. Ct. App. 2008), *rev. denied,* 200 P.3d 148 (Or. 2008).

Petitioner subsequently sought state post-conviction relief on the basis of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, judicial misconduct, and the violation of his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 296 (2004). Resp. Ex. 122. Following a trial, the post-conviction relief (PCR) court denied relief. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Long*, 303 P.3d 1016 (Or. Ct. App. 2013), *rev. denied*, 311 P.3d 525 (Or. 2013).

**DISCUSSION**

---

[1](...continued)
that he comply with all court orders. *Id.*

Petitioner has now petitioned for a writ of habeas corpus, raising six claims, with numerous subparts, alleging judicial misconduct, prosecutorial misconduct, and ineffective assistance of trial and appellate counsel. As set forth below, several of petitioner's claims are procedurally defaulted. Additional claims allege state law violations, or otherwise fail to present cognizable grounds for relief. In the two preserved claims that remain, petitioner argues that his sentence violates *Blakely,* and that trial counsel was ineffective for failing to inform him of his right to a jury trial on sentence enhancement factors and for failing to lodge a *Blakely* objection at sentencing.

## I.     PROCEDURAL DEFAULTED CLAIMS

In response to the petition for writ of habeas corpus, respondent Richard Coursey ("respondent") argues that certain claims are procedurally defaulted because petitioner did not fairly present the claims to Oregon's appellate courts, and he can no longer raise those claims to Oregon's highest court. In his Brief in Support of Petition for Writ of Habeas Corpus, petitioner does not respond to respondent's argument.

Generally, a state prisoner must exhaust all available state law remedies either on direct appeal, or through collateral proceedings, before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A federal claim is procedurally defaulted if the petitioner does not fairly present the federal claim to the appropriate state courts at all appellate stages afforded under state law, and if state procedural rules would now bar consideration of the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Hurles v. Ryan*, 752 F.3d 768, 779-80 (9th Cir. 2014). Habeas review of procedurally defaulted claims is precluded, absent a showing of cause and prejudice, or a showing that failure to consider the federal claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Hurles*, 752 F.3d at 780.

### A.     Ground One

In Ground for Relief One, petitioner alleges that the trial court committed "judicial misconduct" by committing trial court errors, including denying petitioner's motion to withdraw his guilty plea and imposing a sentence violating Oregon sentencing laws. Although petitioner raised ground one, subparts a-d, f, i, j, l, r, and t in his *pro se* amended petition for post-conviction relief, and on appeal to the Oregon Court of Appeals, he failed to raise these claims in his petition for review to the Oregon Supreme Court. *Compare* Resp. Exs. 122 & 159 *with* Resp. Ex. 162. Accordingly, these subparts are procedurally defaulted. Petitioner offers no basis to excuse his procedural default, and therefore, habeas relief is precluded with respect to those claims.

Furthermore, with the exception of petitioner's *Blakely* claim, ground one presents only claims of alleged state law violations. It is well settled that federal habeas corpus relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (*per curiam*). Thus, with the exception of petitioner's *Blakely* claim, habeas relief is not warranted on ground one because the claims are either procedurally defaulted or not cognizable in a petition for writ of federal habeas corpus.

### B. Ground Two

In Ground for Relief Two, petitioner alleges claims of prosecutorial misconduct, including that the prosecutor introduced a previously-expunged juvenile record at sentencing, presented evidence outside the record, and altered the plea agreement. Although petitioner raised these claims in his amended formal petition for post-conviction relief and on appeal to the Court of Appeals, he failed to raise them in his petition for review to the Oregon Supreme Court. *Compare* Resp. Exs. 122 & 159 *with* Resp. Ex. 162. Therefore, the claims alleged under ground two are procedurally

defaulted. Petitioner offers no basis to excuse his procedural default, and therefore, habeas relief is precluded.

### C. Ground Three

In Ground for Relief Three, petitioner alleges nine claims (subparts a-I) of ineffective assistance of trial counsel. Although petitioner raised subparts a, b, and d in his amended petition for post-conviction relief and on appeal to the Oregon Court of Appeals, he failed to raise the claims in his petition for review to the Oregon Supreme Court. *Compare* Resp. Exs. 122 & 159 *with* Resp. Ex. 162. Accordingly, subparts a, b, and d of ground three are procedurally defaulted. Because petitioner offers no basis to excuse his procedural default, habeas relief is precluded on these claims.

## II.     UNSUPPORTED CLAIMS (GROUNDS TWO, THREE, AND FOUR)

Petitioner asserts Grounds Two, Three, and Four in his petition for writ of habeas corpus, but with the exception of the *Blakely* ineffective assistance of counsel claim, he fails to address these claims in his supporting brief. *See* Pet.'s Brief in Support (ECF No. 41). In an application for habeas relief, petitioner bears the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). The court has reviewed the claims raised in Grounds Two, Three, and Four, and is satisfied that petitioner is not entitled to relief on the prosecutorial misconduct claims, or the remaining ineffective assistance of trial and appellate counsel claims. Accordingly, because petitioner has failed to sustain his burden of proving that habeas relief is warranted on these claims, habeas relief should be denied on Grounds Two, Three, and Four. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III.     NO COGNIZABLE GROUND FOR RELIEF (GROUNDS FIVE AND SIX)

In Grounds for Relief Five and Six, petitioner alleges that the PCR court, as well as the Oregon Court of Appeals and the Oregon Supreme Court, engaged in judicial misconduct by denying his petition for post-conviction relief. As respondent correctly notes, this court lacks jurisdiction to review these grounds for relief. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (rejecting claim that state court's delay in deciding petition for state post-conviction relief violated the Due Process Clause, and holding that a "petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Accordingly, habeas relief is not warranted as to grounds five and six.

## IV. THE MERITS OF THE REMAINING CLAIMS

In his remaining properly exhausted claims, petitioner alleges that the trial court imposed upward departure sentences in violation of the Supreme Court's holding in *Blakely* that a defendant is entitled to have a jury determine sentencing enhancement facts, and also alleges ineffective assistance of trial counsel based on counsel's failure to advise petitioner of the rights afforded him by the *Blakely* opinion. *Blakely*, 542 U.S. at 303-04.

### A. Legal Standards

A petition for writ of habeas corpus filed by a state prisoner shall not be granted with respect to any claim that was adjudicated on the merits in state court, unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) & (2) (2015); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). "Under § 2254(d), a habeas court must determine what arguments or theories supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision

of this Court." *Harrington*, 562 U.S. at 102. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014). Petitioner bears the burden of proof. *Cullen*, 131 S.Ct. at 1398.

**B.     Relevant Facts**

Petitioner pled guilty pursuant to a plea petition, which provided, in part:

> 2.     I understand that by pleading GUILTY or NO CONTEST to any charge filed against me I am waiving my rights to: (a) a speedy and public trial by jury which would decide whether or not the evidence proves beyond a reasonable doubt that I am guilty; (b) see, hear, cross examine, and face in open court all witnesses called to testify against me; (c) compel witnesses to come to court, and bring with them any physical evidence in their possession; (d) take the witness stand at my sole option which includes the right to prevent anyone from calling me as a witness against my wishes; (e) remain silent. I understand that I have the right to the assistance of a lawyer at all stages of the case, and if I cannot afford an attorney, the Court will appoint an attorney to represent me at public expense.

> 3.     I understand that by pleading GUILTY or NO CONTEST the court may impose the same punishment as if I had plead [sic] not guilty, stood trial and been convicted.

> 4.     Plea Negotiations, Recommendations, and Stipulations: both sides free to make recommendation. I UNDERSTAND THE COURT IS NOT BOUND BY THE AGREEMENT SET FORTH ABOVE.

Resp. Ex. 104 at 1, ¶¶ 2-4.

At the December 2005 plea hearing, trial counsel informed the trial court that after explaining the terms of the second plea petition to petitioner, and advising him of the rights he would waive upon pleading guilty, petitioner still wanted to enter a guilty plea. Resp. Ex. 106 at 2.

The trial court engaged in a colloquy with petitioner regarding the terms of the second plea agreement. Resp. Ex. 106 at 2-3. Petitioner admitted guilt with respect to all five counts:

| | |
|---|---|
| THE COURT: | Tell me what you did that makes you guilty of the charges. |
| PETITIONER: | I sexually abused my stepdaughter, [the victim]. |
| THE COURT: | And did you attempt to have sexual intercourse with her? |
| PETITIONER: | Yes, Your Honor. |
| THE COURT: | And did you attempt to have deviant sexual intercourse with her? |
| PETITIONER: | Yes, Your Honor. |
| THE COURT: | All on separate incidents? |
| PETITIONER: | Yes, Your Honor. |
| THE COURT: | Okay. And [the victim] was less than twelve years of age at the time? |
| PETITIONER: | Yes, Your Honor. |
| THE COURT: | I'll find a factual basis to receive your pleas of guilty. If you fail in your treatment, and I hope you don't, but if you do, I am going to reserve the right to sentence you as I can under the law. That may mean impaneling a jury to hear all the facts to decide whether there are aggravating factors such that you could get the maximum allowed for this. |

*Id.* at 5-6.

At the April 2006 sentencing hearing, the prosecutor argued for the imposition of upward departure sentences based on several aggravating factors: vulnerability of the victim based on her age and her relationship as petitioner's stepdaughter; inability of prior sanctions to deter petitioner; petitioner's juvenile record for similar conduct; the fact that prior completion of a sexual offender treatment program failed to deter his conduct; and violation of release conditions while on bail. Resp. Ex. 107 at 12-13.

Before imposing the sentence, the trial court admonished petitioner for lying to his family, friends, and attorney about why he could not attend sexual offender treatment. *Id.* at 8-9. The trial court imposed the maximum presumptive sentences on counts two, three, and four, and imposed consecutive upward departure sentences on counts one (First Degree Rape) and five (First Degree Sexual Abuse), resulting in a 207-month sentence. *Id.* at 26. With regard to aggravating factors justifying the departure sentences, the trial court found:

> [Petitioner's] conscious disregard of the Court's orders in a year's time, do not show [petitioner] to be amenable to treatment which - - and is a factor that I consider as well as the particular vulnerability of [the victim] in [his] care. Both of those individually and collectively departure factors to depart to an 18-month prison sentence [on count five] . . . And on count 1, an 8A, I will find the particular vulnerability, the egregious behavior over time, the failure to comply with Court's orders during the pendency of all of this, the fact that [petitioner has been] lying to [his] family and friends throughout, as compelling reasons to depart and I'm departing to 90 months on count 1.

*Id.* at 26. The trial court clarified that it imposed the upward departure sentence on count one based on the identified enhancement factors, including petitioner's juvenile conduct involving an alleged sex offense against his sister[2], both independently and collectively. *Id.* at 27.

In a declaration presented to the PCR court, petitioner's trial counsel stated that he had advised petitioner about the consequences of his second plea agreement before the second plea hearing, as follows:

> In regards to sentencing, there were no stipulations or agreements, and each of the parties would be free to make sentencing recommendations to the Court. I conveyed to Mr. Long the plea agreement, and all of the conditions. I advised Mr. Long that by agreeing to stipulate to each of the five counts were separate criminal episodes the Court could sentence him consecutively on each count. *I further advised Mr. Long that by pleading guilty and waiving his right to a jury trial, he would be giving up*

---

[2] The prosecutor cited to petitioner's juvenile record involving a sex offense against his sister as a factor supporting upward departure sentences along with other enhancement factors. Resp. Ex. 107 at 12. However, the prosecutor acknowledged that petitioner was convicted of harassment (not a sex offense). *Id.*; Resp. Ex. 136.

*his right to have a jury determine any sentencing issues, including enhancement factors.* After my consultations with Mr. Long, he informed me that he wanted to accept the [State's] new plea offer.

Resp. Ex. 153 at 2-3 (emphasis added).

At the post-conviction trial, petitioner argued that his counsel's silence at sentencing was "not tacit admission to any waiver of rights on my behalf." Resp. Ex. 157 at 13. Additionally, petitioner asserted that he suffered prejudice as a result of trial counsel's deficient performance, and he requested that the PCR court reduce his sentence by 46 months. *Id.* at 14.

Citing to OR. REV. STAT. § 136.776 and the language in the plea petition, the State argued at the PCR hearing that petitioner waived his *Blakely* rights:

Petitioner knowingly, voluntarily and intelligently waived his right to a jury determination regarding sentencing factors. He was properly and adequately advised by trial counsel that he was waiving his right to a jury determination on sentencing factors.

And I cite, your honor, the plea petition provision where it states that petitioner understood that by pleading guilty or no contest, the court could impose the same punishment as if he had pled guilty, stood trial, and been convicted.

Resp. Ex. 157 at 20-21 (emphasis added). OR. REV. STAT. § 136.776 provides: "when a defendant waives the right to a jury trial on the issue of guilt or innocence, the waiver constitutes a written waiver of the right to a jury trial on all enhancement facts whether related to the offense or the defendant." OR. REV. STAT. § 136.776 (2005).

The PCR court rejected petitioner's *Blakely* claim, and held that: "per the statute and the plea petition, petitioner waived his jury findings concerning sentencing when he waived jury trial. I read the plea petition. I also have reviewed that statute. And there was a waiver of jury findings, although truthfully I don't think it would have made a lot of difference in this case." Resp. Ex. 157 at 28. The PCR court also rejected petitioner's ineffective assistance claim, and held that trial counsel was not deficient, and that petitioner suffered no prejudice. *Id.*

Several years following the PCR court's decision, the Oregon Court of Appeals held that OR. REV. STAT. § 136.776 does not eliminate the need for a separate waiver of the right to a jury trial on sentencing enhancement facts: "a defendant, in order to waive his constitutional right to a jury trial on the question of guilt or innocence, must also make a knowing and intentional waiver of his right to a jury trial on sentencing enhancement facts, and must do so in writing." *State v. Lafferty*, 247 P.3d 1266, 1277 (Or. Ct. App. 2011).

### 1. Ground One: *Blakely* Sentencing Error

Petitioner directly challenges the validity of his sentence under *Blakely*, arguing that the trial court imposed upward departure sentences without a jury determining enhancement factors. Specifically, petitioner argues that the PCR court's finding that he knowingly and voluntarily waived his right to a jury trial on the enhancement facts for sentencing is contrary to clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

### a. Legal Standards

The Sixth Amendment guarantees a criminal defendant the right to a trial by jury, and this right is applicable to state criminal proceedings through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 149-150 (1968). The Sixth Amendment's jury-trial guarantee requires that any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" be "submitted to a jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In *Blakely*, the Supreme Court concluded that a defendant is entitled to have a jury determine beyond a reasonable doubt any facts or factual findings in support of upward departure sentences imposed pursuant to sentencing guidelines, unless the fact was "admitted by the defendant" or was based on a prior conviction. *Blakely*, 542 U.S. at 303-04.

A defendant may waive his right to a jury trial on aggravating factors, if his waiver is knowing and voluntary. *Id.* at 310; *United States v. Huerta-Pimental*, 445 F.3d 1220, 1223 (9th Cir. 2006). However, "[a] defendant's waiver of a fundamental constitutional right is not to be lightly presumed; rather a court must indulge every reasonable presumption against waiver of fundamental constitutional rights." *Fairey v. Tucker*, 132 S.Ct. 2218, 2220-21 (2012). "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty." *Blakely,* 542 U.S. at 310.

### b. Analysis

The PCR court's holding that petitioner knowingly and voluntarily waived his right to a jury trial on sentence enhancement facts, was contrary to, and an unreasonable application of, *Blakely*. 28 U.S.C. § 2254(d)(1) (providing habeas relief when a state court adjudication relied in a decision that was "contrary to, or involved an unreasonable application of clearly established federal law").

An individual's waiver of Sixth Amendment rights under *Blakely* is valid only if it is "knowing and voluntary." *Blakely*, 542 U.S. at 310; *Huerta-Pimental*, 445 F.3d at 1223. Petitioner's right to a jury trial on the enhancement factors is distinct from the right to a jury trial on culpability, and a waiver of one is not necessarily a waiver of both. *Blakely*, 542 U.S. at 310 (defendant may exercise his right to jury trial on culpability and waive right to jury determination of sentencing enhancement facts).

The PCR court appears to have concluded that based on the Oregon statute and plea petition language, petitioner's waiver of his right to a jury trial in his plea petition automatically also constituted a waiver of his right to a jury determination of sentencing factors. However, the waiver

included in petitioner's plea petition does not support the PCR court's finding that petitioner knowingly and voluntarily waived his right to a jury determination of sentencing factors. The plea petition only contains an explicit waiver of his right to a "speedy and public trial by jury which would decide whether or not the evidence proves beyond a reasonable doubt that I am guilty." Resp. Ex. 104 at 1. The plea petition contains no language expressing a waiver of petitioner's right to a jury determination of sentencing enhancement factors. *Id.* Contrary to respondent's argument, the plea petition clause that "by pleading guilty . . . the court may impose the same punishment" as if petitioner had been convicted by a jury at trial does not demonstrate petitioner knowingly and voluntarily waived his Sixth Amendment rights. The clause provides no reference to an upward departure sentence based on enhancement factors. Indeed, at the second plea hearing, the trial court acknowledged that it would need to impanel a jury to determine sentencing enhancement factors to impose an upward departure sentence. Resp. Ex. 106 at 6.

Respondent points to trial counsel's declaration, which provides that trial counsel advised petitioner "by pleading guilty and waiving his right to a jury trial he would be giving up his right to have a jury determine any sentencing issues, including enhancement factors." Resp. Ex. 153 at 3. It is unclear whether trial counsel advised petitioner he had both a right to a jury trial *and* a right to have a jury determine sentence enhancement factors. Rather, it appears that trial counsel advised petitioner that by pleading guilty and waiving his right to a jury trial, he was automatically waiving his right to a jury determination of sentencing factors. There is no evidence in the record that petitioner knowingly and voluntarily waived his Sixth Amendment right to a jury determination of sentencing factors. *See Fairey*, 132 S.Ct. at 2220 ("a court must indulge every reasonable presumption against waiver of fundamental constitutional rights"). The court concludes that the PCR court's finding that petitioner knowingly and voluntarily waived his Sixth Amendment right to a jury

determination of sentence enhancement facts is an unreasonable application of *Blakely*. 28 U.S.C. § 2254(d)(1).

Sentencing errors are subject to the harmless error analysis, and therefore, this court's inquiry now turns to whether the trial court's *Blakely* violation was harmless. *See Washington v. Recuenco*, 548 U.S. 212, 220-221 (2006); *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993); *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008). The Supreme Court has "repeatedly recognized that the commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal. Instead, most constitutional errors can be harmless." *Recuenco*, 548 U.S. at 218. In the context of a *Blakely* error, this court must grant relief only if there is "'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler*, 528 F.3d at 648. The long-standing rule to "examine the whole record for harmless error to assist [the court] in determining what evidence the parties would have introduced at trial had the issue been properly presented" applies to an *Apprendi/Blakely* violation. *Estrella v. Ollison*, 668 F.3d 593, 599 (9th Cir. 2011).

After a careful review of the record, this court concludes that the trial court's *Blakely* violation was harmless. The trial court relied on several enhancement factors, individually and collectively, for imposing upward departure sentences on Counts One and Five. Resp. Ex. 107 at 27; *see Butler*, 528 F.3d at 643 ("[I]f at least one of the aggravating factors on which the judge relied in sentencing [petitioner] was established in a manner consistent with the Sixth Amendment, [petitioner's] sentence does not violate the Constitution."); *see also, State v. Williams*, 883 P.2d 918, 919 (Or. App. 1994) (only one aggravating factor required for departure). Petitioner does not dispute, nor does the record refute, the validity of these enhancement factors. *See Williams v. Nooth*,

No. Cv. 08-297-KI, 2009 WL 3762646, at *3 (D. Or. Nov. 2, 2009) (holding that *Blakely* error was harmless where the relevant aggravating sentencing factor was uncontested).

The trial court first found that petitioner had violated court orders. The record supports this enhancement. The trial court instructed petitioner to enroll in and begin sexual offender treatment before his sentencing hearing. Resp. Ex. 106 at 6-7. Petitioner failed to complete the intake process to enroll in treatment. Resp. Ex. 135 (noting that petitioner attended only one of three intake sessions and terminated services without paying his bill). In addition, it was undisputed that after petitioner was released on bail, he had contact with children, which violated a separate court order imposed in a dependency proceeding. Resp. Ex. 152 at 2. The trial court found that petitioner's disregard for the court's order to enter treatment demonstrates that he is not amenable to treatment. Resp. Ex. 107 at 26. Had the question of whether petitioner violated these court orders been submitted to a jury, there is no doubt that a jury would have found that petitioner violated the court's orders, beyond a reasonable doubt. *See Butler*, 528 F.3d at 648 ("Any . . . error . . . will be harmless if it is not prejudicial as to just one of the aggravating factors at issue.").

The trial court also departed upward "in light of the particular vulnerability of [the victim] in [petitioner's] care." Resp. Ex. 107 at 26. The record reflects that petitioner admitted at the plea hearings that he sexually abused his stepdaughter, and that she lived with him during this time period. Resp. Exs. 105 at 2 & 106 at 6. In light of these admissions, there is no "grave doubt" as to whether a jury would have found beyond a reasonable doubt that the victim was particularly vulnerable due to the familial relationship between her and petitioner. *See Butler*, 528 F.3d at 648; *Bohannon v. Franke*, No. 2:11-cv-01127-PK, 2013 WL 3766555, at *7 (D. Or. July 16, 2013) (concrete factors such as age or probation status are objective factors allowing for little interpretative

leeway for a jury); OR. ADMIN. R. 213-008-0002(1)(b)(B) ("offender knew or had reason to know of the victim's particular vulnerability").

The evidence supporting two of the aggravating factors cited by the trial court is uncontroverted and overwhelming. Under these circumstances, the *Blakely* error does not impact petitioner's sentence, and petitioner is not entitled to habeas corpus relief.

### 2. Ground Three: Ineffective Assistance of Counsel

Petitioner also argues that trial counsel was deficient for failing to inform him of his right to a jury trial on the enhancement factors, and for failing to enter a *Blakely* objection when the trial court imposed upward departure sentences. Petitioner asserts that the PCR court's holding that trial counsel was not ineffective is an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). Respondent asks the court to deny habeas relief on the ground that the PCR court's rejection of petitioner's claim was neither contrary to, nor an unreasonable application of, *Strickland*.

### a. Legal Standards

A claim of ineffective assistance of counsel requires the petitioner to prove that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland*, 466 U.S. at 687-88. When reviewing a state prisoner's habeas claim of ineffective assistance, federal courts must apply a doubly deferential standard of review taking into account the strong presumption of competence under *Strickland*, and the deferential standard of review under 28 U.S.C. § 2254 (d). *Cullen*, 131 S.Ct. at 1403.

To show counsel was deficient, a defendant must establish that his counsel's representation was outside the wide range of professionally competent assistance. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012); *Strickland*, 466 U.S. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen*, 131 S.Ct. at 1403. Trial counsel is not constitutionally deficient for failing to make a meritless objection. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005).

In order to establish prejudice, petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Harrington*, 562 U.S. at 112; *Williams*, 529 U.S. at 391. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Williams*, 529 U.S. at 391. In evaluating proof of prejudice, this court considers the totality of the evidence before the jury. *Strickland*, 466 U.S. at 696. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.*

**b.    Analysis**

This court declines to address whether trial counsel was deficient in failing to advise petitioner of his *Blakely* rights, or assert these rights on behalf of petitioner at sentencing, because petitioner has failed to demonstrate that he was prejudiced by any such deficiency. The Supreme Court has held that "there is no reason for a court . . . to address both components of [ineffective assistance] inquiry if the defendant makes an insufficient showing on one . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." 466 U.S. at 697; *see Crittendon v. Ayers*, 624 F.3d 943, 960 (9th Cir. 2010) (court addressed the prejudice prong without resolving whether trial counsel's performance was constitutionally deficient).

Petitioner has failed to show that he was prejudiced by counsel's deficient performance. First, petitioner has never asserted that he would have exercised his right to a jury trial on the enhancement factors, had his trial counsel advised him of his right to do so. Second, petitioner does not dispute the factors relied upon by the trial court to enhance petitioner's sentence. As discussed above, there is no doubt that a jury would have found the same aggravating sentencing factors applied. Resp. Exs. 135 & 152 at 2.

Petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the sentencing proceeding would have been different. *Bell*, 535 U.S. at 695. Petitioner's ineffective assistance claim fails because petitioner has not shown that he was prejudiced. *See Murray v. Schriro*, 746 F.3d 418, 457 (9th Cir. 2014) ("If there is a failure of proof on either [ineffective assistance] prong, habeas relief is not warranted."). As such, petitioner has not demonstrated that the PCR court's denial of relief to petitioner was an unreasonable application of *Strickland*, and habeas relief on petitioner's ineffective assistance of counsel claim is not warranted. 28 U.S.C. § 2254(d)(1).

## CONCLUSION

The district court should deny petitioner's petition for writ of habeas corpus (ECF No. 2), with prejudice. Additionally, the district court should GRANT a certificate of appealability on the issues of whether petitioner's sentence violates *Blakely* (Ground for Relief One), and whether defense counsel was ineffective for failing to advise petitioner of his right to have a jury determine sentencing factors (Ground for Relief Three). *See* 28 U.S.C. § 2253(c)(2).

///

///

///

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of October, 2015.

STACIE F. BECKERMAN
United States Magistrate Judge